FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

2007 SEP 12 AM 10: 40

CLERK ____
SO. DIST. OF GA.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

LANCASTER GRAHAM,

Plaintiff,

v.  405CV080

JASON BURNS and MICHAEL ANDERSON,

Defendants.

## ORDER

### I. INTRODUCTION

42 U.S.C. § 1983 plaintiff Lancaster Graham brought this excessive-force, deliberate-indifference case against various prison officials. In previous Orders this Court dismissed various defendants on summary judgment and also pursuant to F.R.Civ.P. 4(m). Doc. # 178, *modified*, doc. # 184, # 186.

Meanwhile, the remaining parties have filed a Consolidated Pretrial Order (PTO) per this Court's directions. Doc. # 178 at 18; # 187. In *Graham v. Burns*, doc. # 219 at 5-6 (S.D.Ga. 5/17/07) (unpublished), cited in *Hooks v. Langston*, 2007 WL 1831800 at * 1 (S.D.Ga. 6/25/07) (unpublished), this Court reached motions *in limine*, doc. ## 188, 190, 192, 194, 196, 198, a motion to bifurcate, doc. # 199, and a motion to compel. Doc. # 205.

In a follow-up Order, the Court granted Graham leave to tender at trial treating physician testimony otherwise previously excluded as an F.R.Civ.P. 37(c)(1) sanction, *see* doc. # 219 at 8-9. Doc. # 232. Defendants move the Court to reconsider that ruling. Doc. # 239.

### II. BACKGROUND

As this Court previously described, this case presents a classic swearing-match in which a former inmate claims prison guards abusively beat him, while the guards insist that they applied only enough force necessary to subdue a recalcitrant prisoner. Many such cases are comprised of pure "smoke." Here, in contrast, there actually is some fire. *See* doc. # 178 at 1 n. 2. Due to the aforementioned summary-disposition motions, only two defendants remain: ex-guards Michael Anderson and Jason Burns, *see* doc. # 178 at 16, 18; # 187 at 7, and the jury for this case was struck on 9/10/07 for a 9/24/07 trial.

### III. ANALYSIS

As this Court previously noted, plaintiff sought to get his medical history -- as evidence of the allegedly abusive beating he received from the defendants -- before the jury in this case. He thus insisted that he "should be able to testify to the effect of the beating administered to him by the Defendants as well as his treatment and his diagnosis by the treating physicians." Doc. # 227 at 5.

"His medical records," plaintiff further contended, were "also appropriate to be introduced to which he can introduce and testify." *Id.* Next, he sought to introduce the testimony of his treating physician, Dr. Robert Stockfish, M.D., whom he admitted that he disclosed *after* the relevant litigation deadline. But despite that untimeliness, Graham explained, his disclosure was as soon as reasonably possible given plaintiff's situation --

released from prison, he re-offended and, upon his re-incarceration, encountered Dr. Stockfish, whose existence and purported testimony were then timely disclosed in this case.[1]

Graham's motion (to allow Stockfish's testimony) was filed on 8/9/07 and remained unopposed[2] as of 8/27/07, the day the Court granted it. Doc. # 232. Plaintiff, the Court concluded,

> can testify to the pain and suffering he endured, and reference the medical result of any abusive beating he claims to have received. What he cannot do, however, is testify about any matter requiring medical expertise (*e.g.*, no self-diagnosis/prognosis). Especially if his testimony is challenged on cross-examination, he is free to cite and have admitted any properly authenticated medical records that corroborate his alleged beating injuries. Finally, the Court exercises its discretion to allow Dr. Stockfish's testimony, given these extenuating circumstances.

*Id.* at 2.

Moving for reconsideration, defedants argue that,

> [w]hile Plaintiff supplemented his discovery responses on [2/10/06] and [3/4/06], to provide certain additional information, he failed to disclose Dr. Stockfish in either of these supplementations, despite his clear knowledge that Dr. Stockfish had knowledge relevant to the issues in this action. Discovery ended on [3/12/06].

Doc. # 239 at 2. Graham did not even identify Stockfish as a witness until 2/14/07, and only in the Consolidated Pretrial Order at that. *Id.* And, he did not amend his discovery dislosures until 3/07. *Id.* at 3. They also remind this Court that it excluded Stockfish's testimony as a Rule 37(c)(1) sanction. *Id.*

In arguing that the Court erred in granting Graham's motion to reconsider (and thus allow Stockfish's testimony) -- despite their failure to oppose this at the time -- defendants cite nothing new. Graham himself admitted that he missed the relevant disclosure deadine, and he came up with an extenuating circumstance, which defendants *still* do not rebut:

> Plaintiff could not have disclosed the specific name of Dr . Stockfish in the Plaintiff's Initial Disclosures or by the discovery because his treatment of Plaintiff was subsequently discovered after the Plaintiff was re-incarcerated.

Doc. # 227 at 6.

So, this Court concluded, it was fair to grant Graham leave to include Stockfish's testimony, especially since it goes primarily to Graham's *damages* and only indirectly to the pivotal issue in this case: *liability* (as in, did the defendants abusively beat Graham or not?).[3]

---

[1] In its 5/17/07 *Burns* Order, the Court barred the testimony of any treating physician as a discovery sanction. Doc. # 219 at 8-9. This part of Graham's current motion (doc. # 227), then, evidently, is a motion for reconsideration.

[2] *See* S.D.Ga.Loc.R. 7.5 ("Failure to respond shall indicate that there is no opposition to a motion").

[3] There is no suggestion that Stockfish witnessed any attack; at most he will testify as to Graham's post-attack condition, from which the jury might infer, from the severity of the injuries, that Graham was abusively

Finally, defendants request additional time to depose Stockfish if the Court does not reconsider. Doc. # 239 at 6. They are free to depose Stockfish[4] but the Court will not alter the 9/24/07 trial date.

Meanwhile, Graham's unopposed motion (doc. # 228) for production of inmate witnesses (Larry Poole, Gregory Bryant and Hassan Freeman) is granted, in that plaintiff has met the basic relevancy and locatability requirements.

### III. CONCLUSION

Accordingly, the Court *DENIES* the motion of defendants Michael Anderson and Jason Burns. Doc. # 239. Plaintiff Lancaster Graham's unopposed motion (doc. # 228) for production of inmate witnesses (Larry Poole, Gregory Bryant and Hassan Freeman) is *GRANTED*.

This 12 day of September, 2007.

B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

beaten.

[4] This seems like overkill, defense-preparation-wise. Again, the focus in these cases has *always* been on liability, not damages.